**UNITED STATES of America,
Appellee,**

v.

**Alfonso FLOREZ–BELLUCCIO, also known as Carlos Olalde, Alen Gonzalez, also known as Wilson Martinez, Milton Reynoso–Alvarado, also known as Gago, Lorraine Loretta Ramsey, Juan Carlos Maza–Bohos, Maximo Fernandez–Ledesma, Defendants,**

**Jorge Albert Diaz, Defendant–Appellant.**

**Docket No. 02–1369.**

United States Court of Appeals, Second Circuit.

April 8, 2003.

Vivian Shevitz, South Salem, NY, for Appellant.

Bryan Rose, Assistant United States Attorney, (Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Emily Berger, Assistant United States Attorney, on the brief), Brooklyn, NY, for Appellee.

Present: WALKER, Chief Judge, OAKES, and NEWMAN, Circuit Judges.

### SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be and it hereby is **AFFIRMED.**

Defendant-appellant Jorge Albert Diaz appeals from a judgment of conviction entered June 17, 2002, after a jury trial, of conspiracy to distribute five kilograms or more of cocaine and of attempted possession with intent to distribute that cocaine. Judge Ross sentenced Diaz to 210 months in prison, a five-year term of supervised release, a $20,000 fine, and a $200 special assessment. Diaz argues that the district court erred by (1) admitting evidence of his prior drug conviction for the limited purpose of proving knowledge, and (2) instructing the jury on conscious avoidance.

Diaz also argues that *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), should be extended to require that the jury find that he had personal knowledge of the quantity of drugs involved in the conspiracy and attempted possession. We disagree.

■ We review the district court's decision to admit evidence of a prior conviction for abuse of discretion. *See United States v. Tubol,* 191 F.3d 88, 95 (2d Cir.1999). Diaz argues that the evidence of a prior conviction for cocaine possession was not relevant because it was not sufficiently similar to the drug transaction alleged at trial. We cannot say that the district court abused its discretion when it admitted the prior conviction for the limited purpose of proving knowledge. When defendant argued at trial that he had been ignorant of the object of the transaction, his level of knowledge became an issue in the case. Diaz's prior conviction six years earlier for possession with intent to distribute at least 500 grams of cocaine was sufficiently similar to the transaction at issue in the instant case that it was relevant to the question of whether Diaz understood the object of the transaction. Appellant's reliance on *United States v. Garcia,* 291 F.3d 127 (2d Cir.2002), is misplaced. First, the prior conviction in *Garcia* involved only two grams of cocaine, a relatively minor amount, compared to the three to eleven kilograms in the transaction at the *Garcia* trial. *Id.* In the instant case, the prior conviction involved 500 grams of cocaine, an amount consistent with significant distribution, and the transaction at trial involved 100 kilograms. 500 grams is sufficiently large that the trial judge could reasonably find that it would be relevant to defendant's knowledge of the objective of the attempted cocaine purchase. Second, in *Garcia* the prior conviction occurred twelve years earlier, *id.* at

138, while the prior conviction in this case occurred only six years earlier.

■ Diaz next argues that the district court erred in instructing the jury on conscious avoidance because such an instruction requires evidence that the defendant "decided" not to learn the critical fact. We review a claim of error in the instructions to the jury *de novo. United States v. Tropeano,* 252 F.3d 653, 657–58 (2d Cir. 2001). A conscious avoidance charge is proper where the defendant's knowledge is an issue in the case and "the evidence is such that a rational juror may reach the conclusion beyond a reasonable doubt ... that the defendant was aware of a high probability of the fact in dispute and consciously avoided confirming that fact." *United States v. Ferrarini,* 219 F.3d 145, 154 (2d Cir.2000) (internal quotations and punctuation omitted). First, as discussed above, Diaz's knowledge was an issue in this case. Second, there was a sufficient factual predicate for the conscious avoidance charge. In particular, there was evidence that Diaz (1) spoke with co-conspirator Maza–Bohos numerous times on the night of the transaction, (2) rented the car that was to be used to transfer the drugs, (3) gave the car keys over to Maza–Bohos who in turn gave them to Detective Dilone who was to load the car with cocaine, and (4) arranged to retake possession of the car from the shippers at 5:00 a.m. the next day. This evidence provides a sufficient basis upon which a jury could determine that if Diaz did not have actual knowledge of the drug transaction, his ignorance of the drug transaction was deliberate.

■ Finally, Diaz argues that *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), should be extended to require that the jury find, not only the amount of cocaine involved (over five kilograms in this case), but also that the defendant had known that the transac-

tion involved that amount of cocaine. We need not consider this argument because Diaz's 210–month sentence would not trigger *Apprendi* in any event. *Apprendi* requires that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury and proved beyond a reasonable doubt." *Id.* at 490. In this case, Diaz's 210–month sentence does not exceed the 240–month statutory maximum for selling an unspecified amount of cocaine. *See* 21 U.S.C. § 841(b)(1)(C).

Accordingly, for the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**